2:04-cv-02289-HAB-DGB   # 77-2   Page 1 of 2

E-FILED
Thursday, 12 July, 2007 11:49:43 AM
Clerk, U.S. District Court, ILCD

E-FILED
Wednesday, 09 May, 2007 11:25:38 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF ILLINOIS, ex rel VANESSA ABSHER and LYNDA MITCHELL,<br><br>Plaintiffs,<br><br>v.<br><br>MOMENCE MEADOWS NURSING CENTER, INC., and JACOB GRAFF, individually,<br><br>Defendants. | Judge Harold A. Baker<br>Case No. 2 04 C 2289 |

## QUALIFIED HIPAA PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED by and among the undersigned counsel, pursuant to Federal Rule of Civil Procedure 26(c) and for good cause shown, IT IS HEREBY ORDERED THAT:

The parties and any future parties, (including their attorneys, support staff, agents, consultants and experts) are hereby granted the right to obtain from Defendants or any other health care provider, health plan, person, or other covered entity covered by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-101, 110 Stat. 1936 (1996) ("HIPAA"), any and all information that may contain protected health information ("PHI") as defined by 45 C.F.R. §160.103, relating to the past, present, or future medical treatment, status, condition or care of any individual who is or was a resident of Defendant Momence Meadows Nursing Center, Inc., as well as any and related information relating to the provision of health care to such individual and billings and/or

HIPAA Protective Order.DRAFT.wpd
May 1, 2007/rbp

payment for the provision of such health care and related documents.

This Order shall not control or limit the use of such medical documents or records that come into the possession of any party from a source other than a "covered entity".

This Order authorizes and directs any party or non-party who is provided with a request for information, data or the production of documents, a subpoena or commanding attendance to produce, or to appear at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Order is intended to and does in fact authorize such disclosures pursuant to 45 C.F.R. § 164.512(e) of the Privacy Regulations issued pursuant to HIPAA. Further, pursuant to 45 C.F.R. § 164.512(e)(1)(v), this Order is also a Qualified Protective Order and all parties and attorneys are hereby:

(A) Prohibited from using or disclosing the protected health care information for any purpose other than the litigation or proceeding for which such information was requested; and

(B) Required to return to the covered entity or to destroy the protected health information (including all copies made) at the end of the litigation proceeding.

ORDERED this 12th day of July, 2007.

s/ Harold A. Baker
Honorable Harold A. Baker
United States District Court Judge

Dated: