IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and the STATE OF ILLINOIS, *ex rel* . VANESSA ABSHER and LYNDA MITCHELL, | ) ) ) ) | Judge Harold A. Baker |
| Plaintiffs, | ) ) | Case No. 2 04 C 2289 |
| v. | ) ) ) | |
| MOMENCE MEADOWS NURSING CENTER, INC. and JACOB GRAFF, individually, | ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITON TO
DEFENDANTS' MOTION TO BAR PLAINTIFF'S EXPERTS**

**INTRODUCTION**

On September 14, 2012, Plaintiffs disclosed experts Bruce R. Engstrom, CPA, and Byron S. Arbett, MA, pursuant to the Scheduling Order [Dkt. 332] issued by this Honorable Court on February 28, 2012, and pursuant to Fed. R. Civ. P. 26(a)(2)(D). At this time, the Court had not ruled on Defendants' Motions for Summary Judgment filed December 16, 2011 [Dkt. 313] and June 1, 2012 [Dkt. 344]. Nor had it ruled on Plaintiff's Motion for Brief Stay of Expert Discovery Pending Resolution of Defendants' Motion for Summary Judgment filed on September 7, 2012 [Dkt. 353] ["Plaintiff's Motion for Stay"]. On October 12, 2012, Defendants filed this Motion to Bar Plaintiffs' Experts [Dkt. 355] and a Memorandum of Law in Support of Motion to Bar Plaintiffs' Experts [Dkt. 356] ["Defendant's Motion" and "Defendants' Supporting Memorandum"] alleging, *inter alia*, that Plaintiffs' disclosures were incomplete and contained inadmissible expert testimony.

1

Plaintiffs' timely Motion to stay the expert disclosure deadline was made in the interests of economy to both parties and the Court. When it became apparent that the Court would not rule on Plaintiffs' Motion to stay the expert discovery deadline before the deadline lapsed, Plaintiffs made a good faith effort to disclose information readily available at the time. At no time prior to the filing of this motion did Defendants object (or respond) to Plaintiffs' requests—both informal and to the Court—for a stay of the expert disclosure deadline. *See* Plaintiffs' Motion for Stay [Dkt. 353] at 2. However, in response to the Motion to Stay, defendants stated "Defendants have no objection to the allowance of this motion". [Dkt. 354]. Further, in their October 12, 2012, Motion and Supporting Memorandum, Defendants note no any hardship or prejudice that would result from the requested stay. *See* Defts'. Mem. That is because there is none.

To the extent that plaintiffs' expert disclosures do not satisfy Fed. R. Civ. P. 26(a)(2), any such deficiencies would be easily cured when the Court rules on the pending Motion for Summary Judgment. Until this time, however, any preparation for expert depositions, examinations, and arguments speculative with respect to which claims will be tried. Because no deliberate or incurable prejudice or hardship has been caused by Plaintiffs' Rule 26 disclosures, the Court should deny Defendants' Motion to Bar and grant leave for Plaintiffs to make full disclosures after its Summary Judgment ruling. Further, Plaintiffs have requested a Rule 16 Conference and a new scheduling order setting new dates for expert disclosures. [See, Dkt. 359].

**ARGUMENT**

Defendants argue for the exclusion of Plaintiffs' experts on the grounds that (1) Plaintiffs' expert disclosures were insufficient under Rule 26(a)(2), giving rise to sanctions under Rule 37(c); and (2) that the testimony presented is inadmissible under FRE 702 and 403 as contemplated by *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its

progeny. Under the circumstances relating to the Motion to Bar, Defendants' arguments are insufficient to justify the exclusion of Plaintiffs' experts.

> 1. **Defendants'** *Daubert* **Objections are Premature, And The Court Should Refrain from Ruling on the Admissibility of Plaintiffs' Expert Reports Until It Rules on Defendants' Rule 26 and 37 Arguments, Plaintiffs' Timely Motion to Stay Discovery, and Defendants' Motion for Summary Judgment**

Defendants object to the admissibility of the expert report of Bruce R. Engstrom, CPA. Defendants argue that his opinion is based on assumptions that are "unsupported and not shown to be based upon any expert methodology" and "will [not] assist the trier of fact." Defendants' Supporting Motion at 4. In a vacuum, a court evaluating the admissibility of such expert testimony at trial might agree that it is "not based on sufficient facts or data" and thus cannot be brought properly before the jury. *Id.* at 3. Yet this argument is inapplicable here, as Defendants' objections as to the admissibility of the testimony contained with the report are premature and not properly before this Court. Importantly, Defendants fail to draw a distinction between the alleged Rule 26 violations upon which it bases its argument for exclusion (presumably) under Rule 37(c), discussed *infra*, and the *Daubert* rule designed to ensure that expert testimony brought before a jury is both reliable and relevant. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993).

Among other things, the Rule 26 prescriptions seek to avoid harassment, delay, and needless expense to the parties, *see* Fed. R. Civ. P. 26(g)(1)(A)(ii), and to facilitate a "broad search for facts." *Engl v. Aetna Life Ins. Co.*, 139 F.2d 469 (2d Cir. 1943). The Rule 37(c)(1) sanctions adopted in 1993 "gave teeth to a significantly broadened duty to comply with case management orders." *Primus v. United States*, 389 F.3d 231, 234 (1st Cir. 2004) (internal citations omitted). Yet at no point in the *Daubert* opinion does one find any indication that the judicial "gatekeeping" function extends beyond evidentiary rulings at trial to the forum of

discovery. Indeed, if a party's failure to provide an expert report under Rule 26(a)(2) is deemed harmless (under the Rule 37 guidelines below), the expert opinions the report may have contained are still admissible if *Daubert* is met. *See Banister v. Burton*, 636 F.3d 828, 833 (7th Cir. 2011) (in dicta). In short, the determination of admissibility under the Federal Rules of Evidence or *Daubert* is immaterial to any purported Rule 37(c)(1) issues.

Defendants' argument drifts imprecisely between the evidentiary rhetoric and the practical mechanics of a discovery dispute, improperly raising a *Daubert* objection to support a discovery sanction that should be weighed on its own terms. Neither the testimony of Bruce R. Engstrom nor that of Byron S. Arbett has been formally offered at trial; the parties are merely in the process of exchanging information, presently one month from the final discovery deadline. Thus, Defendants' *Daubert* objections are premature, and the court should refrain from addressing these objections until it has ruled on Defendants' Rule 26 and 37 arguments. This, in conjunction with the anticipated resolution of the pending Motion to Stay Discovery and Motions for Summary Judgment, might preclude any necessity for any such evidentiary rulings.

## 2. Even if the Court finds that Plaintiffs' Expert Disclosures Violate Fed. R. Civ. P. 26(a)(2), it Does Not Justify the Sanction of Exclusion Under Fed. R. Civ. P. 37(c)

Defendants' correctly point out that Rule 26(a)(2) is specific as to the time and content of expert disclosures. Yet the exclusion of expert witnesses and expert testimony pursuant to a violation of Rule 26 is a sanction found under Fed. R. Civ. P. 37(c)(1) rather than within the text of Rule 26 itself, and it is not absolute. The language reads as follows:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless*.

(emphasis supplied).

In the Seventh Circuit, the sanction of exclusion is automatic absent a showing that the Rule 26 violation was substantially justified or harmless. *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998). To the extent that Plaintiffs' expert disclosures were deficient under Rule 26(a)(2), such deficiency is both substantially justified and harmless and the court should deny Defendants' Motion to Bar Plaintiffs' Experts. All of this hyperbole is rendered moot in the event that the Court rules in Plaintiffs' favor on its motion to extend Expert discovery deadlines.

### A. *The Alleged Rule 26 Deficiencies in Plaintiffs' Expert Disclosures Are Substantially Justified and Harmless*

Generally speaking, the Rule 37(c) exclusion was devised to provide a "strong inducement for disclosure" of material that the disclosing party expects to use as evidence in litigation. Advisory Committee's Notes to 1993 Amendment to Fed. R. Civ. P. 37(c)(1). Despite the discrepancies amongst the Federal Courts in the specific application of this sanction, its purpose is to help prevent bad faith or prejudicial acts averse to efficient and fair litigation, such as the willful nondisclosure of evidence. *E.g. Brainerd v. Am. Scandia Life Assur. Corp.*, 432 F. 3d 655, 657 (6th Cir. 2005) (conserve resources); *Star Direct Telecom, Inc. v. Global Crossing Bandwidth, Inc.*, 272 F.R.D. 350, 359 (W.D.N.Y. 2011) (prevent the malicious, deliberate concealment of evidence).

As noted above, a plaintiff has the burden of showing that an alleged Rule 26 violation falls within the Rule 37(c) exception for substantially justified or harmless conduct. The district court is given "broad discretion" in making this determination. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). This determination, however, should be guided by several factors: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id*. The court need not

make "explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose.'" *Id.*

Even if a Rule 26 violation leads to prejudice to a party against whom the evidence is offered, other Seventh Circuit district courts have declined to exclude experts when the prejudice may be cured. *See Warfield City of Chicago*, 565 F. Supp 2d. 948, 960 (N.D. Ill. 2008). In *Warfield*, defendants served expert disclosures on the evening of the close of all discovery, calculated pursuant to Fed. R. Civ. P. 26(a)(2)(C). *Id.* at 959–60. The plaintiff filed a Motion to Bar in response to an alleged Rule 26 violation. *Id*. at 959. The court determined that the disclosure was untimely because it was served on the day *all* discovery closed, which made it "impossible" for plaintiffs to conduct any discovery as to the late-disclosed expert witness. *Id.* at 959–60. Yet even though the court found that the untimely disclosure prejudiced the plaintiffs, it did not exclude the expert witness because the prejudice could be readily cured. *Id.* at 960. The court noted the defendant's willingness to allow the plaintiff time to conduct further discovery in granting the plaintiff a limited extension to depose the late-disclosed expert witness and retain a rebuttal expert. *Id.* These facts suggest that the extent to which prejudice resulting from a Rule 26 violation can be cured should be paramount in the court's determination as to whether such a violation should result in exclusion under Rule 37(c).

Considering the *David* factors guiding a court's determination to exclude under Rule 37(c), there is a dearth of evidence justifying the harsh sanction that Defendants seek here.

    *i.    Prejudice or Surprise*

In the instant case, the expert report of Bruce R. Engstrom indicated the specific information on which his damage estimates would rely (documents to be reviewed), though it assumed the value of the services provided to the Momence Meadows Nursing Center was

"worthless." Engstrom Report at 8. The report, albeit a "draft" report, sufficiently informs Defendants of the content of the expert testimony and the information upon which this testimony is based. Further, the alleged deficiencies were in no part designed to surprise Defendants, nor did the timing of the disclosures render Defendants incapable of making their own discovery. Here, Plaintiffs' expert disclosures were timely served and thus could not have "surprised" Defendants. And no prejudice such as that which was found in *Warfield* exists; Defendants are *still* within the period allowed for expert depositions and thus have not been prevented from pursuing their own investigation.

      ii.    *Ability of The Party To Cure The Prejudice*

Any prejudice caused by the allegedly defective disclosures can be easily remedied, as Plaintiffs have specifically reserved a right to supplement discovery. *See* Defendants' Supporting Memorandum at 1. More importantly, however, Plaintiffs limited their expert disclosures in an effort to avoid unnecessary expense to *both* parties and limit the time and money spent on consulting experts that neither party could be sure were necessary. Furthermore, though Defendants filed their Motion to Bar four weeks after Plaintiffs' expert disclosures, they had (and still have) ample time between the September 14, 2012, disclosures and the November 9, 2012, expert deposition deadline to cure any alleged defects by, for example, an expert deposition or a motion to compel.

      iii.    *Likelihood of Disruption to the Trial*

This case is not currently in trial, and at this stage of the discovery schedule any disruption of trial is unlikely and speculative.

      iv.    *Bad Faith or Willfulness*

Defendants can point to no act or omission showing bad faith on the part of Plaintiffs. To the contrary, Plaintiffs attempted to meet and confer with Defendants on the issue of expert disclosures several times, though received no response to their attempts to do so. *See* Plaintiff's Motion for Stay [Dkt. 353] at 2. Furthermore, Plaintiffs timely filed a motion to extend the discovery period pending the outcome of Defendants' Motion for Summary Judgment, explaining that "[t]he parties should not expend their limited resources retaining, preparing and deposing expert witnesses because the need for any, or certain types of, experts may be obviated by the Court's ruling. . . ." *Id.*

Indeed, the expert disclosures that Defendants' claim should justify the exclusion of Plaintiffs' experts are harmless and result in no prejudice to Defendants. Here, it appears that despite Plaintiffs' good faith efforts to promote economy in litigation—a stated purpose of the rules cited in support of Defendants' Motion to Bar—Defendants' failure to communicate and the court's silence on Plaintiffs' Motion to Stay have led to what Defendants now characterize as incomplete disclosures and inadmissible testimony. Any such deficiencies are wholly curable and sufficiently justified under the circumstances leading to this Motion. To exclude Plaintiffs' experts under the guise of a Rule 37(c) sanction would effectively encourage Defendants to avoid the pursuit of a reasonable course of expert discovery in order to use alleged deficiencies caused therefrom against Plaintiffs at a later time.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court deny Defendants' Motion to Bar Plaintiffs' Experts.

Respectfully submitted,

/s/ Robin Potter

| | |
|---|---|
| Robin Potter, Esq. | Gale Pearson, Esq. |
| Denise M. Quimby, Esq. | Stephen J. Randall, Esq. |
| ROBIN POTTER & ASSOCIATES, P.C. | PEARSON, RANDALL & SCHUMACHER, P.A. |
| 111 E. Wacker Drive | 100 South Fifth Street, Suite 1025 |
| Suite 2600 | Minneapolis, Minnesota 55402 |
| Chicago, Illinois 60601 | (612) 767-7500 Phone |
| (312) 861-1800 Phone | gpearson@prslegal.com |
| robin@potterlaw.com | srandall@prslegal.com |
| denise@potterlaw.com | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 29th day of October, 2012, a true and correct copy of the above and foregoing **PLAINTIFFS' MEMORANDUM OF LAW OPPOSING DEFENDANTS' MOTION TO BAR PLAINTIFF'S EXPERTS** was electronically filed with the Clerk of the Court, using the Court's CM/ECF system, which will send notification of such filing to the following parties:

William J. Brinkmann, Esq.
Richard R. Harden, Esq.
Thomas, Mamer & Haughey, LLP
30 E. Main, PO Box 560
Champaign, IL 61824-0560
wjbrinkm@tmh-law.com
riharden@tmh-law.com

Richard Scharlat, Esq.
Locke, Lord, Bissell & Liddell, LLP
3 World Financial Center
New York, New York 10281
rscharlat@lockelord.com

Bradley Hart, Esq.
Patricia Phillips, Esq.
Assistant Attorney General
Office of the Illinois Attorney General
500 S. Second Street
Springfield, IL 62706
bhart@atg.state.il.us
ptinch@atg.state.il.us

Eric I. Long, Esq.
United States Attorney's Office
Civil Division-Illinois
318 South Sixth Street
Springfield, IL 62701
eric.long@usdoj.gov

Julia Callahan, Esq.
U.S. Department of Justice
Civil Division, Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington, DC 20044
VIA U.S. MAIL ONLY

By:   /s/ Robin Potter
     One of Plaintiff'-Relators' Attorneys